Scott, J.
The original action in this case was brought by Turney, the defendant in error, to recover of Hardy, the plaintiff- in error, for the price of a gold watch and chain, sold to the wife of Hardy, for $50.50. The action was assumpsit under the former practice, and the case was tried by a jury, at the June term of the court of common pleas, 1853, and a verdict and judgment rendered against Hardy. On his petition in error, the-case comes before us, by the reservation of the district court.
From a bill of exceptions taken by the plaintiff in error during the progress of the trial, it appears, among other things, that after the evidence on both sides had been closed, the plaintiff in error asked the court to give certain specified instructions to the jury, upon points of law arising in the case, some of which wore given as requested, and others materially modified. “The counsel for the defendant thereupon, before the jury had retired to consider of their verdict in the case, applied to, and requested, the court to reduce to writing the charge of the *court upon the several points of law involved in this case, and particularly upon the foregoing points, upon which the said defendant’s counsel had requested the instructions as above stated ; which application and request of said defendant’s counsel, the court refused to grant; and would not, before said jury retired to consider of their verdict, reduce to writing its charge upon the points of law aforesaid, n ir was the same reduced to writing until after the verdict of the jury had been returned into court.” This refusal of the court was excepted to at the time, and is now, among other things, assigned for error.
Can the refusal of the court to comply with this request of the defendant below, be justified ?
The statutory provision, in force at the time of the trial, and which must determine this question, is found in “an act to amend an act entitled ‘an act to regulate the practice of the judicial c ¡ urts.’ ” It reads thus:
“In all cases tried to a jury, the presiding judge shall, on the ap *322 plication of either party to the case on trial, before the jury retire to consider of their verdict, reduce to writing the charge of the court upon any point of law involved in the case, and such charge shall remain on file, among the papers in the cause.” 2 Curwen’s Stat. 1433, chap. 855.
The language of this statute is imperative, and its purpose apparent. It was, no doubt, intended to guard, as far as possible, against a misapprehension by the jury, of the law of the case as charged by the court, and to secure to the parties the benefit of a full and fair bill of exceptions. For these purposes it gives either party a right to ask that the judge shall reduce to writing his charge upon any point of law involved in the case, before the jury retire to consider of their verdict, and it withholds from the court all discretion to refuse the application. “ The judge shall,” etc.
It may be, that, in this case, the bill of exceptions, ^though not reduced to writing till after the verdict was returned, fully and fairly presents the instructions given by the court, to which counsel at the time took exception, yet that security against mistake which the statute awarded to the party as a right, was denied him. And, for this reason, without passing upon other errors assigned, we reverse the judgment of the common pleas, and remand the case.
Brinkerhoee, C. J., and Sutliee, Peck, and G-holson, JJ., concurred.